Thank you. Good morning, Your Honors. Todd Burns on behalf of Mr. Gomez. My plan is to discuss the admission of evidence related to gangs in Mr. Gomez's criminal history, and also the Guadir issue, and my hope is to save at least two minutes of time for them both. Beginning with the gangs and criminal history issue, amongst the evidence that the government introduced at trial was repeated testimony that Mr. Gomez was a member of the Mexican Mafia and Northside Indio gangs, that he was making a power play under the umbrella of the Mexico Mafia for controlling the streets, that he was collecting taxes for the Mexican Mafia, that he had been imprisoned for 14 years for carjacking with a firearm, that he was a high-risk individual amongst the worst and worst and most dangerous gang members, and that gang members like Mr. Gomez armed themselves with firearms to do among other things assault, violence, and arson. The government says that that evidence was admissible to rebut an entrapment defense, but there was no entrapment defense presented, and the evidence is a little confusing on some of that, but the easiest way to establish that is it wasn't argued in opening, no opening was given, it wasn't argued in closing, and there was no jury instruction on entrapment. I thought the district court had asked defense counsel about whether an entrapment defense was going to be raised, and he either said yes or said he was leaving it open. Is that wrong? No, that's correct, Your Honor, and that's why I say the evidence is sort of murky on that, and it's a bit confusing why the district court asked that question, because the district court repeatedly in pretrial proceedings had said that the entrapment defense that defense counsel had floated, which was that one of the informants had fronted the drugs to Mr. Gomez to sell to another informant. The district court had said, look, that doesn't fly. That's not going to work. So that also, that defense depended on the defense being able to call Angel Carmona, who the marshals never brought to court, so the government knew that that defense couldn't be presented. Well, counsel, with respect, if your trial counsel in this case had not repeatedly indicated he was going to present an entrapment defense, I would feel a little more empathy for what you're talking about, but in this case, right from the get-go, your predecessor, I assume it's the predecessor, said that's what he was going to do, and as I'm looking here now on April 2, 2019, the counsel said that Gomez, in quotes, will be pursuing an entrapment defense, SCR 160 versus 161. The court counseled him against that, thought it would be a very bad idea. He said, we're going to do it anyway, but the court said, well, we're going to let it in then, but we're going to try to keep some control over it. In addition, counsel asked for an entrapment jury instruction. So I almost wonder, what the heck was the government supposed to do? It has its case in chief. Normally, it would have to wait, of course, for the defense to put on its entrapment defense, but the defense had made it very clear it was going to put on the entrapment defense. What's wrong with what the government did under the circumstances, and particularly since the district court said that it was going to cabin the evidence that was put in? Well, the government demonstrated throughout the pretrial proceedings, repeatedly said in writing and orally that it understood that if an entrapment defense were presented, then it would present, in its rebuttal case, evidence with respect. It said it was just going to put it on in a rebuttal? Where? It's throughout the record. Let me rephrase that. Did it say it would not put that evidence on in its case in chief? That's what it initially said. When there was first a motion to preclude, it said this motion is moved because we'll only put this sort of evidence on in a rebuttal case. But then the defense counsel said he was going to put on the entrapment defense. That's what I'm struggling with. The defense counsel was saying all along, floating this idea of this entrapment defense, and the government was saying, well, if you put on that entrapment defense, we're going to put on this rebuttal evidence. And they didn't wait until the entrapment defense was put on. It was never put on, and I guess I cite the court. Is there a case that precludes the government from bringing this evidence in in anticipation of an entrapment defense in its case in chief? Well, I believe this court's recent opinion in United States v. Rusnack, which I cited in my reply brief, it was still fairly fresh at that point, it's at 981 F3-697, says exactly that, and also cites their previous case from 1981 by this court called Green, and it says, look, things that are said in opening statement or in court outside the presence of the jury don't open the door to admitting otherwise inadmissible evidence, and that's exactly what happened here. The government said, well, preemptively we're just going to introduce all this evidence related to a defense that was never put on. So are you saying that Rusnack and Green stand for the proposition that if the defense counsel says, I don't care what you're saying, Your Honor, I am going to put on a entrapment defense. Yes. The government has no right to preemptively put on the gang evidence in its case in chief. I'm absolutely saying that, and I think that's also supported by the Supreme Court's older case in which the tables are sort of turned and the defense tries to draw the sting on some impeachment evidence that the district court has said pre-trial is going to come in, and the Supreme Court says, no, you can't do that. You've got to wait until the government introduces that evidence because things are fluid in trial, and they could change, and you don't know that the prior conviction evidence is going to come in at all, that the government is going to put it in. Maybe the government decides later not to put it in, and that's exactly the circumstance here. Things are fluid. Not only are they fluid, the government knows there's a very good chance the defense isn't going to be able to put this on because they don't have carmona, and the district judge has repeatedly expressed skepticism about it. So they have to wait, and they don't wait, and they load up the record with this. But I'd say even if the government could have preemptively put in this evidence, this evidence does not rebut an entrapment defense. The government cites Davis and Reynoso, Ulloa, which talk about the evaluating predisposition. The government can introduce character and reputation evidence, but in a subsequent case, this court's in Mendoza-Prado, and in a prior case, Bramble, has made clear that that type of evidence has to be evidence that's similar to the conduct charged so you can show that there's a predisposition. This evidence wasn't similar at all. This was all sorts of inflammatory evidence that showed nothing to whether Mr. Gomez had a predisposition to distribute methamphetamine. Could I just bring back to carmona? Explain to me your argument there. Are you saying that the defense was not able to subpoena him, and so the government refused to bring him in, or what's the explanation here? First of all, carmona was necessary because he was the one who could provide testimony as to the whole premise of what was the floated entrapment defense, that is that this informant, Lopez, provided the methamphetamine to Gomez. But as far as bringing him to trial, the defense issued a motion for a writ of habeas corpus ad prosecundum to have him brought to trial. The judge granted that motion, issued the writ, and the marshals didn't bring him because they said that it was too close to trial, it was a week before trial. Was the writ unenforceable? Is that what you're saying? There was no way to enforce it? Well, I think the defense should have pressed harder on the judge and said, look, you've got to bring this witness here. On the other hand, the judge said he wasn't going to allow that entrapment defense, so it seems a little bit like pressing. So Mr. Carmona was not in because defense counsel did not press for the writ to be enforced. Am I understanding that correctly? Well, no, I think defense counsel did say, Your Honor, we want him here. We've issued this writ for him. I think the record's pretty clear on that. I don't have the record site. But defense counsel did complain that the marshals hadn't brought him, and the judge said, well, that's tough. You waited until a week before trial to reissue this writ. I previously issued a writ and should have done it sooner. It seems like the marshals could get the guy there, Carmona, because he's at Victorville, and they actually transport people to L.A. for daily court appearances from Victorville. So the not being able to get it there because it was a week before seems like kind of a weak excuse. Counsel, let's assume, arguendo, that we agree with your questions, comments about the entrapment defense. There is, of course, the issue of harmless error. And we know you've claimed that the government has waived that, but our court, sua sponte, can bring in harmless error if we think it's appropriate. Would you comment on that? What right, what remedy, what anything do we have here with respect to harmless error? Well, as Your Honor has mentioned, I do assert that the government has waived that. Certainly, representing the defense side, I get hit over the head with waiver all the time. I don't know why it shouldn't apply equally to the government. They didn't argue it. I assume they didn't argue it for – that they didn't fail to argue it through mistake, that they didn't argue it because this court's case law, including in Kennedy, said, look, you know, gang – evidence relating to gangs will almost always be prejudicial and will constitute reversible error. That's at 379 F3rd 1055. Recently, in 2019, in Gilmer v. Lockard, the court said, especially when you're talking about a renowned organization like the Mexican Mafia. So, you know, there's clearly prejudice here, and there certainly would be prejudice with respect to counts one and two, in which the defense did make somewhat of a flailing effort to – I shouldn't say flailing. It tried to defend based upon the whole serious thing that you can't conspire with an informant. Didn't get the jury instruction on it, but at least put on that defense. So certainly there would be harm with respect to – with respect to those two counts. I do also think – I think this is a good time to transition to the voir dire. Given what went on in voir dire and the significant risk of prejudice, that's another reason not to allow the government a harmless error out on the gangs and criminal history evidence. I mean, the voir dire – there are six different types of errors mentioned, but really the ones that are most disturbing, at least from my perspective, are the things that the district court said to the jurors in the midst of questioning them about the presumption of innocence and about – you know, asked them about bias against the police but not in favor of the police. They said things to them when they responded, like, you should be ashamed. I need a valium. I'm trying to piece together a complete sentence. My God, he explained twice in response to answers. Seriously, he explained. Unless there be any doubt – you know, we can't on a cold record get the tone, but I don't think there's anything funny about this. Unless there be any doubt about the district court's sort of disposition towards the jurors, I think it comes ringing through at sidebar. When it's striking, several of them, he refers to three of them as idiots. That's his reason for striking. Three is stupid. One is an asshole. And one, he says he simply can't speak. Now, I look at the record. I think that guy could speak just fine. I think the judge just didn't like his opinions. There was nothing hard from the black and white paper to understand what the guy was saying. What he was saying is that I think that the police are sometimes biased against people of color. Well, if we haven't absorbed that over the past year, I don't know when we're ever going to absorb it. It seems like a perfectly fair position for him to have. And to say he's – to derive him as being a college student who can't speak, it's just – I don't know the right words for it. But to talk that way to people who come in to take time out of their lives to perform their civic duty is just – to me, it's just – it's outrageous, not to mention for the effect on Mr. Gomez. Let me ask you this. What's the best case that you can cite to us that's comparable to what you believe the judge said that was improper here that warrants a reversal? Well, holy cow. I can't find a case where a judge talked to jurors like this. Of course, there are cases where the judge fails to – you know, Baldwin and Darvin v. Norris, where the judge fails to ask requested questions. They'll say if they're material questions and there's a significant risk of prejudice, reversal is required. But we're talking about not just failing to ask questions about gangs, not just failing to ask questions about pro-police bias. We're talking about the way that the judge talked to the jurors. We're talking about him undermining the production of evidence by saying that Mr. Gomez was there for a reason and essentially saying he was someone engaged in the distribution of drugs and denigrating him at the end by saying we don't have to have dinner with them, okay? I can't find a case like that. And I think that's all the more reason why reversal is appropriate to send a message that this is just – it's not right. And if we're going to apply plain error, although I believe these errors are preserved and appropriately reviewed, certainly under the fourth prong, these circumstances cry out for the court to say this – you can't treat jurors this way and you can't undermine a Sixth Amendment right to a fair trial. You want to say what's left of your time? Yes, thank you. Thank you. Very well. All right. Mr. Nam, representing the government, please. Good morning, Your Honors. May it please the Court. Julius Nam on behalf of the United States. Entrapment was the defense that Mr. Gomez made at trial. His trial counsel, as Your Honors have noted, specifically asked for an entrapment instruction at the end of the trial, and that's at GER 606. And just as he had before the trial when he requested the following jury instruction jointly with the government, and I'm quoting from GER 24 footnote 1, if the court determines that an entrapment instruction is appropriate, then an additional element should be added to the instructions for each substantive offense, that is, the defendant was not entrapped. So just as trial counsel announced at the beginning, the entrapment defense was broad, unqualified, and as to the entire indictment that was before the jury. The opposing counsel says that decisions in Resnick and Green stand for the proposition that the government was precluded from bringing in evidence to rebut the entrapment defense before the entrapment defense was raised. Could you address that? Yes, Your Honor. We disagree with that proposition. Under Gorolod, the district court is able to require the defense to proffer its evidence with regard to entrapment defense, and under Berry, which we have quoted in the government's brief, in Berry, there's a discussion of what the defense may do when it seeks to introduce entrapment defense. The defense may, without presenting any evidence, without presenting any case, simply point to evidence within the government's evidence to argue entrapment at closing. And so a defense could go through the trial without presenting any evidence and simply rely on the government's case. And so where the defendant has proffered and been permitted to introduce entrapment evidence, the government may present in its case in chief evidence that rebuts the defendant's entrapment theory. And that's what we did here, and there's nothing improper, and there's no authority that the defense can cite in opposition to that proposition. Let me be sure I understand. What my colleague asked you was, she cited the defense counsel's comment that Resnick and Green say you can't, the government can't present gang evidence as a rebuttal to entrapment defense in its case in chief because the defense has not yet presented an actual entrapment defense. Do you have, do you, number one, do you disagree with his construction of Resnick and Green, or how do you distinguish what he's claiming? Resnick and Green is not an entrapment case. And the case that I would point to is Barry, as I just mentioned, that we have cited, that Barry permits, Barry stands in part for the proposition that because the defense can simply point to what the government has presented to argue entrapment, the government has the, government is entitled to present all the evidence that it seeks to prove for the elements of the crime. In addition, the additional element that there was no entrapment as to each of the crimes. And so once the defense has indicated to the court during the pretrial offer of proof that it intends to present entrapment defense and has requested entrapment instruction, we submit that the government is entitled to and should be entitled to present evidence that is in opposition to entrapment. And that is well within the court's, district court's discretion to manage the trial in a way that is efficient and effective presentation to the jury. So your claim, I gather, is that the court should have asserted Rule 403 limitation if it really had a problem with the gang-related offense. Is that right? That's correct, Your Honor, and that's what the court indicated right before the trial. Once the defense counsel indicated that he would be pursuing entrapment defense, the court did indicate that while the government would be permitted to present gang evidence, that the court would also be watching for any cumulative error or any cumulative evidence that would be in violation of 403, although 403 was not specifically mentioned by the district court. It seems to me that there's a disconnect between allowing the government in its case in chief to introduce evidence to rebut entrapment and then not giving an entrapment instruction because the defendant didn't maintain its burden. So you get the best of both worlds. There's no entrapment that goes to the jury, and yet you have all this gang evidence that's been presented for the specific purpose of rebutting what turns out to be a non-existent defense. I recognize the tension, Your Honor, but having proffered and asserted that the defense would present entrapment defense, the defense could present its own entrapment defense, and it did during the defense's case in chief. However, the defense was unable to make that necessary showing to be entitled to an entrapment instruction. And so the defense had its opportunity to present an entrapment defense, and it just simply did not meet that burden. And you think that's the way it's supposed to work, that the government gets to put in all this what would otherwise be inadmissible evidence because the defense says, I'm going to try and do an entrapment defense? He fails, but by that time, of course, it's too late because your very first witness talks about this stuff. I will submit that that's within the district court's discretion in the management of the trial, because on the flip side, as I pointed to through Barry, the defense could present nothing, declare that it's going to be presenting an entrapment defense, and without presenting anything, in the end argue entrapment by simply pointing to some evidence in the government's case in chief. And so the government has, because the defense is not required to present its case, and the government has the burden to prove the elements of the crime, as well as the fact that there was no entrapment, having been given notice of the entrapment defense, the government has the burden, that high burden, of proving that extra element. And so in terms of how it's supposed to work, the government is supposed to present evidence and meet that extra element beyond a reasonable doubt. So doesn't the defendant at least then get an entrapment instruction? If the defendant has made sufficient showing, and here the district court found that the defense did not, and that is not being challenged here on appeal. And so that is not squarely before this court. Counsel, will we, oh, I'm sorry, go ahead, Judge Steele. I was just going to ask, what changed from the government's position just pre-trial where you said, I don't mean you personally, but the government said that it was going to be evidence introduced in its rebuttal case. And then after the judge let it in, in case in chief, it seems to me that you went from, we're just going to do this prejudicial evidence in rebuttal, to it's coming in our case in chief. And I'm wondering what changed.  The government did make some pre-trial statements as to what the government expected to do, which is to present gang evidence or rebuttal evidence during its rebuttal case. At the same time, the government had the option to present evidence that rebutts entrapment during its case in chief. And because the court permitted such evidence to come in, the government decided to present the gang evidence in light of the high burden, the extra burden that it now had, the court having made that decision right in the morning of the trial. Counsel, we don't appear to have any case in our circuit on the question of whether the government has to wait until its rebuttal to respond to an entrapment defense. But the 7th Circuit in the United States v. Higgs says it can't do that. The 7th Circuit says evidence of prior convictions in that particular case is admissible to prove predisposition entrapment case, but the government may not introduce propensity evidence unless the defendant places the issue of entrapment into Congress. So let's assume, arguendo, that what the district judge did here was wrong. It was highly prejudicial. There is, of course, the issue of whether this is harmless error. As I'm sure you know, the government probably waived that issue, didn't raise it. But we as a court have the ability, sua sponte, to introduce it to that. But it's a high burden. Would you address whether we have the right in this case to sua sponte, assert harmless error on the gang and parole officer testimony? Yes, Your Honor, and for two reasons. First, under Gonzalez-Flores and other cases, this court can, sua sponte, find that there was harmless error where the issue is beyond reasonable debate. And that's our submission that the issue here is really beyond reasonable debate because the gang evidence that was presented was squarely related to Mr. Gomez's conduct and the very issue of predisposition that was at the heart of the defendant's defense. And so this court can very well, sua sponte, find harmless error. But I would also submit that in the government's brief, we have argued that there was no cumulative error, that there was no error that was prejudicial or certainly plain depending on the issue. Wait a minute. I mean, isn't it self-evident that the gang evidence and the parole officer evidence was damning evidence? I mean, it's very, very damning, and our case law says it is. The question here is not whether that's easy stuff. The question is whether in the aggregate it didn't make any difference because Mr. Gomez would have been convicted by other overwhelming evidence anyway. So without justifying the gang evidence, on what basis do you believe should we uphold this verdict based on sua sponte application of the harmless error doctrine? Because the evidence supporting the elements of the crime were overwhelming, we had multiple witnesses testifying with regard to the conspiracy to distribute drugs, and also the CI who was present and was the person who purchased the gun and the drugs on two different occasions, testified without refutation as to what occurred. And even the defendant's witness, Mr. Gonzalez, testified that he was there during the first incident to purchase the drugs or sell the drugs with Mr. Gomez and Mr. Carmona. And so the evidence here was overwhelming and beyond reasonable dispute as to Mr. Gomez's guilt, and that is in part why we believe that the defense advanced or attempted to advance an entrapment theory defense, which it ultimately failed. If I could just move on quickly to the voir dire issue, given that I just have a minute or so of time. The manner in which the district court conducted the voir dire process was with characteristic informality and engaging manner that this particular district judge is known for. And throughout, the district judge was engaging each juror as to what they were saying. The jurors were permitted to speak their minds, and in many instances, they made comments that were fairly candid with regard to defendant or how they felt about this particular trial. And the court was not required to simply recite criminal jury instructions, for example, or the black letter law. The court was engaging with each juror in trying to get an understanding as to where they're coming from and pushing back, sometimes using humor, sometimes using the jurors' own words to push back against the individual jurors' notions or impressions of defendant or this case. But nowhere is there any error we submit that the district court committed under this court standard, where plain error clearly applies here because there were no objections to what went on during the voir dire. And as to all the more derogatory statements that the defense counsel has pointed to, they were all at sidebar and did not affect or prejudice the jury or the ultimate trial jury. Your time is up. Let me ask my colleague whether either has additional questions for the government. No, thank you. Very well. Thank you, Your Honors. Mr. Burns, you have a very small time. We're going to give you a minute to respond in rebuttal, please. Thank you, Your Honor. Regarding the gang's testimony, it should be clear that defense counsel did not proffer that this was going to be put on as entrapment defense. The district court forced him to elect the day of trial. I don't know of any authority to do that, but defense has the right to put on evidence or no evidence at all. So it wasn't defense counsel got up and said, oh, this is what I'm going to do. This court said you have to elect. Number two, the case law that the government cites says a district court can say, okay, if you're going to put on entrapment defense, I want you to proffer it before you put it on to make sure that it's valid. It doesn't say that the government can preempt an entrapment defense by putting in all sorts of otherwise inadmissible evidence. The third thing is that— You know, this pretrial, what are you going to put on? What's the government going to put on? Let's see how we manage this. That sounds pretty normal to me. Well, of course the court has, generally speaking, authority to manage the trial, but the court does not have authority to say to the defendant, I'm going to force you to elect the defense you're going to put on before a single witness has appeared at trial. I mean, that's just contrary to so many core concepts of criminal defense. Okay. Let me ask my colleague—you're over time, but let me ask my colleague whether either has additional questions for Mr. Burns. All right. Hearing none, thank you both, counsel, for your argument in this case. The case of United States v. Gomez is submitted.
judges: M. Smith, Ikuta, Steele